UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA DIVISION
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:   Carlos Lema                                    Case No.  17-17217- BKC-RBR
                                                        Chapter 13

         Debtor
_____/


**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

   1.   Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of Ditech Financial LLC as servicer for Bank of America N.A. (collectively, the "Lender").  Lender holds a mortgage recorded at O.R. Book 16504, Page 155-164 and assignment recorded at O.R. Book 1230, Page 305-306 in the official records of Hudson County, New Jersey.

   2.   The real property is located at 8515 Bergenline Ave., Unit 1B, North Bergen, NJ 07047 and is more particularly described as follows:

BEING known and designated as Unit 1B in THE MARIAH, a Condominium, together with a 4.4625% undivided interest in the common elements of said Condominium (referred to in this Deed as the "Condominium Unit"). The conveyance evidenced by this Deed is made under the provisions of and is subject to the New Jersey Condominium Act (N.J.S.A. 46:8B-1 et seq) and Planned Real Estate Development Act (N.J.S.A. 45:22A-21 et seq) as amended, and any applicable regulations adopted under either law. The conveyance evidenced by this deed is also made in accordance with the terms, limitations, conditions, covenants, restrictions, easements, agreements and other provisions set forth in the certain Master Deed for MARIAH, a Condominium, dated 12/16/88 and recorded in the Hudson County Clerk's/Register's Office on 12/16/88 in Deed Book 4066 Page 81, as the same may now or hereafter be lawfully amended, lying in the Township of North Bergen, County of Hudson and State of New Jersey.

3. At the time of the filing of this case, the value of the real property is $190,602.00 as determined by RealQuest online.

4. <u>Fay Financial Inc.</u> holds liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $ 195,319.56.

5. *(Select only one):*

    ___ Lender's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

    _**X**___ Lender's collateral is not solely the debtor's principal residence.  After payment in full of the claims secured by liens senior to that of Lender, there is equity of $0.00 remaining in the real property.  Accordingly, the value of Lender's secured interest in the real property is $0.00 and the value of the Lender's unsecured, deficiency claim is $4,573.77.

6. The undersigned reviewed the docket and claims register and states (select only one):

    ___ Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payment to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

    _**X**_ Lender has filed a proof of claim in this case (ECF POC 12).  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Submitted By:


 /s/ Clare A. Casas_____
Clare A. Casas, Esq.

Bankruptcy Law Firm of Clare Casas, P.A.
7450 Griffin Road, Suite 170
Davie, Florida 33314
Tel:  (954) 327-5700
Fax: (954) 727-9976
Email:  clarecasas@ombankruptcy.com