

**ORDERED in the Southern District of Florida on November 20, 2017.**

*Raymond B. Ray, Judge*
*United States Bankruptcy Court*

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA DIVISION**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:   Carlos Lema                                  Case No.  17-17217- BKC-RBR
                                                      Chapter 13


           Debtor
_____/

**ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED STATUS OF**
**DITECH FINANCIAL LLC**

THIS CASE came to be heard on November 16th, 2017 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 22; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

<u>8515 Bergenline Ave., Unit 1B, North Bergen, NJ 07047</u> and is more particularly

described as follows:

> BEING known and designated as Unit 1B in THE MARIAH, a Condominium, together with a 4.4625% undivided interest in the common elements of said Condominium (referred to in this Deed as the "Condominium Unit"). The conveyance evidenced by this Deed is made under the provisions of and is subject to the New Jersey Condominium Act (N.J.S.A. 46:8B-1 et seq) and Planned Real Estate Development Act (N.J.S.A. 45:22A-21 et seq) as amended, and any applicable regulations adopted under either law. The conveyance evidenced by this deed is also made in accordance with the terms, limitations, conditions, covenants, restrictions, easements, agreements and other provisions set forth in the certain Master Deed for MARIAH, a Condominium, dated 12/16/88 and recorded in the Hudson County Clerk's/Register's Office on 12/16/88 in Deed Book 4066 Page 81, as the same may now or hereafter be lawfully amended, lying in the Township of North Bergen, County of Hudson and State of New Jersey.

is $190,602.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of <u>Ditech Financial LLC</u> (the "Lender") is $195,319.56.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ <u>0.00</u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded at Book 16504, Page 155-164 and assignment recorded at O.R. Book 1230, Page 305-306 in the official records of <u>Hudson County</u>, New Jersey shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed,

       Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    _X_ Lender filed a proof of claim in this case [P.O.C. No. 12]. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ **4,573.77** , regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Clare A. Casas, Esq.
Bankruptcy Law Firm of Clare Casas, P.A.
7450 Griffin Road, Suite 170
Davie, Florida 33314
Tel:  (954) 327-5700
Fax:  (954) 727-9976
Email:  clarecasas@ombankruptcy.com


Attorney, Clare A. Casas, is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.